78 F.3d 592
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Domingo Abad CALERO-GAITAN, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70655.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 27, 1996.*
Decided March 4, 1996.
 
 Before: PREGERSON, CANBY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Domingo Abad Calero-Gaitan, a native and citizen of Nicaragua, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the order of an immigration judge denying his applications for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1158(a) and 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 3
 To be eligible for a grant of asylum, an alien must qualify as a "refugee" under section 1101(a)(42)(A) of the INA. Kazlauskas v. INS, 46 F.3d 902, 905 (9th Cir.1995). We review the BIA's determination that an individual is not a refugee under the "substantial evidence" standard. Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993); Abedini v. INS, 971 F.2d 188, 191 (9th Cir.1992). Under this standard, we must uphold the Board's denial of asylum unless an alien demonstrates that the evidence he presented was so compelling that no reasonable fact-finder could fail to find the requisite fear of persecution. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). We also review the denial of withholding of deportation for substantial evidence. Berroteran-Melendez v. INS, 955 F.2d 1251, 1255 (9th Cir.1992).
 
 
 4
 Refugee status must be based on a showing of either past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1101(a)(42)(A); Berroteran-Melendez, 955 F.2d at 1255. To establish eligibility for asylum based on a well-founded fear of future persecution, applicants must show both a genuine subjective fear of persecution and an objectively reasonable fear. Acewicz, 984 F.2d at 1061. The objective component requires "a showing by 'credible, direct, and specific evidence' of facts supporting a reasonable fear of persecution" on account of one of the enumerated grounds. Id. (citation omitted).
 
 
 5
 Calero-Gaitan claims that his family's affiliation with the former administration of Anastasio Somoza and their past experiences in Nicaragua support his belief that he would be subject to persecution upon his return. During his deportation proceeding, however, Calero-Gaitan stated that the most serious conflict his family had had with the Sandinistas was that they were denied food ration allotments because of their ties to the former regime. As the BIA correctly pointed out, denial of food rations does not rise to the level of persecution. Saballo-Cortez v. INS, 761 F.2d 1259, 1264 (9th Cir.1985).
 
 
 6
 Nor does Calero-Gaitan's personal history with the Sandinistas support his claim of a well-founded fear of persecution. Although he states that he was briefly detained three or four times while still in Nicaragua, he was never physically harmed or imprisoned. Such incidents, although unfortunate, are not sufficient to establish a fear of persecution absent physical harm or abuse. See Mendez-Efrain v. INS, 813 F.2d 279, 283 (9th Cir.1987); Sanchez-Trujillo v. INS, 801 F.2d 1571, 1579 (9th Cir.1986).
 
 
 7
 Calero-Gaitan also contends that his fear of persecution is supported by the fact that his brother was beaten in a labor dispute by members of a Sandinista labor union for refusal to participate in a strike. We have held that acts of violence against family members may establish a well-founded fear of persecution, but only in situations where the violence creates a pattern of persecution closely tied to the petitioner. Prasad v. INS, 47 F.3d 336, 340 (9th Cir.1995); Arriaga-Barrientos v. INS, 937 F.2d 411, 414 (9th Cir.1991). Here, Calero-Gaitan's brother was beaten five years after Calero-Gaitan left Nicaragua. Furthermore, Calero-Gaitan does not provide any evidence to suggest that he would be persecuted as a result of his brother's conduct. Nor does Calero-Gaitan's claim that his father died of "moral sorrow" over Somoza's defeat support his claim of well-founded fear of persecution. Calero-Gaitan simply has not shown any pattern or connection between the harassment experienced by his family and his own claim that he would be persecuted upon his return to Nicaragua. See Prasad, 47 F.3d at 340.[1]
 
 
 8
 Given the evidence presented, we cannot say that a reasonable fact-finder would be compelled to conclude that Calero-Gaitan would be subject to persecution. See Elias-Zacarias, 502 U.S. at 481. Accordingly, we affirm the BIA's denial of asylum. Because the standard for withholding of deportation is higher than the standard for a grant of asylum, we similarly affirm the BIA's denial of withholding of deportation. See Acewicz, 984 F.2d at 1062.
 
 
 9
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because Calero-Gaitan failed to demonstrate a well-founded fear of persecution, we find it unnecessary to consider his claim that the Sandinistas continue to rule Nicaragua despite their defeat in the 1990 elections